UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARK W. GANTT,

                           Plaintiff,
                                                          9:10-CV-0083
v.                                                        (GTS/GHL)

WILLIAM LAPE and GARY MIELENZ,

                           Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

MARK W. GANTT, 08-A-3883
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN                       JUSTIN C. LEVIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby,

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff

Mark W. Gantt alleges that he was wrongfully charged for commissary purchases and punished

for lying.  Currently pending before the Court is Defendant William Lape's motion for judgment

on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Dkt. No. 12.)  Also pending

is Plaintiff's request to amend the complaint to add an additional defendant.  (Dkt. No. 15.)  For

the reasons that follow, I recommend that Defendant's motion be granted and order that Plaintiff's

request is denied without prejudice.

I.      BACKGROUND

The complaint alleges that on September 8, 2009, Plaintiff filed a grievance because the

commissary charged him $10.49 for an item he had not purchased.  (Dkt. No. 1 at 4.[1])

Thereafter, Defendant Gary Mielenz, a commissary clerk, came to Plaintiff's cell and screamed at

Plaintiff that Plaintiff "did make [t]he purch[ase] and [t]hat [h]e was [g]oing [t]o [t]ake the

$10.49 and [Plaintiff] would never [g]o [t]o [the] commissary" again.  *Id*. at 4-5.

Defendant Mielenz wrote a misbehavior report charging Plaintiff with lying.  *Id*. at 5.  A

hearing was conducted on the misbehavior report.  *Id*.  The hearing officer "[r]ead [t]he

[g]rievance at [t]he [t]ime of [t]he hear[]ing" and found Plaintiff guilty.  *Id*.  Plaintiff states that

the grievance he filed was the only evidence the hearing officer considered.  *Id*.  The hearing

officer imposed a penalty of thirty days' loss of commissary privileges and a $5.00 fine.  *Id*.

Plaintiff filed the complaint in this action on January 22, 2010.  (Dkt. No. 1.)  The

complaint names William Lape (the superintendent of Coxsackie Correctional Facility) and

Mielenz as defendants.  *Id*. at 1-2.  The complaint does not name the hearing officer as a

defendant.  Plaintiff requests $120,015.49.  *Id*. at 7.

Defendants answered on July 6, 2010.  (Dkt. No. 11.)  On that same date, Defendant Lape

filed the pending motion for judgment on the pleadings.  (Dkt. No. 12.)  Plaintiff opposes the

---

[1]      The page reference is to the page number assigned by the Court's electronic filing
system.

motion for judgment on the pleadings.  (Dkt. No. 14.)  In addition, Plaintiff requests leave to

amend his complaint to add the hearing officer as a defendant.  (Dkt. No. 15.)  Defendants

oppose that request.  (Dkt. No. 16.)

## II.     LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the

same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v.*

*Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  In order to state a claim upon which relief

can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a

plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief .

. . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Id.* at

1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

129 S.Ct. at 1949.

III.   ANALYSIS

   A.   **Defendant Lape's Motion for Judgment on the Pleadings**

Defendant Lape moves for judgment on the pleadings.  (Dkt. No. 12.)  Defendant Lape

argues that (1) the complaint does not sufficiently allege that he was personally involved in any

constitutional violation; and (2) he is entitled to qualified immunity.  (Dkt. No. 12-1.)

Under Second Circuit precedent, "'personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v.*

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885

(2d Cir. 1991)).  In order to prevail on a § 1983 cause of action against an individual, a plaintiff

must show some tangible connection between the unlawful conduct and the defendant.  *Bass v.*

*Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere

"linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the

doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that

unlawful conduct.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347

F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d

Cir. 1985).  In other words, supervisory officials may not be held liable merely because they held

a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory

personnel may be considered "personally involved" if they (1) directly participated in the

violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3)

created, or allowed to continue, a policy or custom under which the violation occurred, (4) had

been grossly negligent in managing subordinates who caused the violation, or (5) exhibited

deliberate indifference to the rights of inmates by failing to act on information indicating that the

violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[2]

Here, the complaint does not allege any facts about Defendant Lape at all.  He is

mentioned only in the list of parties.  (Dkt. No. 1 at 1.)  Therefore, the face of the complaint does

not plausibly suggest that Defendant Lape was personally involved in any constitutional

violation.  Accordingly, I recommend that the Court dismiss Plaintiff's claims against Defendant

Lape.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (internal quotation and citation omitted).  However, an opportunity to amend is

not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that

"[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).

Here, the problem with Plaintiff's claim against Defendant Lape is substantive and could

not be cured by better pleading.  Plaintiff argues in opposition to the motion that Defendant Lape

"did know of his [e]mployee's [a]ction[]s [because] he is or was [a]t [t]he [t]ime [t]he

---

[2]        Although the Second Circuit has not yet addressed the issue, several district
courts in this Circuit have found that the Supreme Court's decision in *Ashcroft v. Iqbal*, ___ U.S.
___, 129 S.Ct. 1937, 1949 (2009) nullified some or all of the *Colon* categories of personal
involvement.  *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009)
(collecting cases).

[s]uperintendent of Coxsackie C.F. and is [t]he one who [g]et[]s [] [t]he Tier 2 appeal[]s." (Dkt. No. 14 at 1.) Attached to Plaintiff's opposition is a copy of Plaintiff's appeal of the disciplinary determination. (Dkt. No. 14 at 4.) This appeal form shows that on October 20, 2009, the "superintendent or designee" affirmed the results of Plaintiff's disciplinary hearing. *Id*. The signature of the "superintendent or designee" is not entirely legible, but the first name appears to begin with an "R" and the last name with a "W." *Id*.

There are two reasons that Plaintiff's allegation and exhibit are insufficient to plausibly suggest that Defendant Lape was personally involved in any alleged constitutional violation. First, as a factual matter, it does not appear that Defendant Lape was the individual who affirmed the results of Plaintiff's disciplinary hearing. Defendant Lape's first name begins with a "W" and his last name begins with an "L", which does not correspond to the signature of the "superintendent or designee" on the exhibit.

Second, as a legal matter, even if Defendant Lape had signed the form, courts have held that "merely affirming the hearing determination is not a sufficient basis to impose liability." *Woodward v. Mullah*, No. 08-CV-463A, 2009 WL 4730309, at *2-3 (W.D.N.Y. Dec. 7, 2009).[3] Although the Second Circuit once held that allegations that a superintendent affirmed a prisoner's conviction on administrative appeal were sufficient to allow the case to survive summary judgment[4], district courts in this Circuit have often distinguished that case by noting that liability only attaches if the supervisory official "proactively participated in reviewing the administrative

---

[3]     The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

[4]     *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

appeals as opposed to merely rubber-stamping the results." *Woodward,* 2009 WL 4730309, at

*2-3.  Here, Plaintiff has not alleged, either in his complaint or in his opposition to the motion for

judgment on the pleadings, that Defendant Lape was "proactively involved" in reviewing

Plaintiff's administrative appeal.

Further, the second *Colon* category - that a supervisor is personally involved if he or she

failed to remedy a violation after learning of it through a report or appeal - applies only to

situations where an alleged violation is ongoing, not to situations involving a one-time violation.

*Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("It has been held that an appropriate

guiding principle for determining personal responsibility is where a grievance alleges an ongoing

constitutional violation, the supervisory official who reviews the grievance is personally involved

if he is confronted with a situation that he can remedy directly. If the official is confronted with a

violation that has already occurred and is not ongoing, then the official will not be found

personally responsible for failing to remedy a violation.") (internal quotation marks and citations

omitted); *Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) ("Receiving post hoc

notice does not constitute personal involvement in the unconstitutional activity and cannot be

said to have proximately caused the damage suffered by the inmate. Therefore, a supervisor may

be liable for her failure to remedy a violation only in those circumstances where the violation is

ongoing and the defendant has an opportunity to stop the violation after being informed of it.

Similarly, liability may attach when a supervisor fails to act on reports of a staff member's

previous assaults on the plaintiff and the plaintiff is assaulted again by that same staff member.")

(citation omitted).  Here, Plaintiff does not allege that he was the victim of any ongoing

constitutional violation.

Accordingly, I find that Plaintiff will be unable to cure the defect in his complaint and I

therefore recommend that the Court dismiss the claims against Defendant Lape without leave to

amend.  Because I find that Defendant Lape is entitled to judgment on this ground, I decline to

address his argument that he is entitled to qualified immunity.

**B.      Plaintiff's Request to Amend the Complaint to Add a Defendant**

Plaintiff has filed a request to amend his complaint to add the hearing officer as a

defendant.  (Dkt. No. 15.)  In full, this request states that:

> I would like to put this motion before the court to add another
> de[]fendant to this [action].  The de[]fendant in question is the
> hearing [officer] Lt. McDermont who read the grievances into the
> hearing of the Tier II of the Plaintiff's gr[ie]vance that the Plaintiff
> filed that was all the evidence[] that the hearing L.T. relied on.

*Id*.  Defendants oppose Plaintiff's request, arguing that (1) the request is defective because

Plaintiff did not file a proposed amended complaint; and (2) "because Plaintiff has failed to

submit a proposed amended complaint, he cannot demonstrate that any such pleading would be

viable and not futile."  (Dkt. No. 16 at 1.)  Defendants' first argument is correct.[5]

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely

give leave [to amend] when justice so requires."  Fed. R. Civ. Proc. 15(a)(2); *Foman v. Davis*,

371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  Elaborating

on this standard, the Supreme Court has explained:

---

[5]      Regarding Defendants' second argument, I note that the burden of proving the
futility of an amendment lies with the party opposing the amendment. *Garcia v. Pancho Villa's
of Huntington Vill.*, 268 F.R.D. 160, 166 (E.D.N.Y. 2010).  Therefore, Plaintiff is not required to
"demonstrate that any such pleading would be viable and not futile" unless and until Defendants
present an argument that the amended pleading *would* be futile.  (Dkt. No. 16 at 1.)

> In the absence of any apparent or declared reason -- such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc. -- the leave sought should . . .
> be 'freely given.'

*Foman*, 371 U.S. at 182, *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.

2001) ("[Leave to amend] should not be denied unless there is evidence of undue delay, bad

faith, undue prejudice to the non-movant, or futility.").

Under Local Rule 7.1(a)(4), a "party moving to amend a pleading . . . must attach an

unsigned copy of the proposed amended pleading to its motion papers."  Here, Plaintiff has not

provided the Court with a proposed amended pleading.  Although Plaintiff, as a *pro se* civil

rights litigant, is entitled to special solicitude and leniency regarding the substance of his

pleadings and papers, even *pro se* plaintiffs must obey the Court's procedural rules.[6]  The

requirement that a motion to amend be accompanied by a proposed amended complaint promotes

clarity.  Here, for instance, without such a document, it is not clear either to the Court or

Defendants what claims Plaintiff intends to pursue against the hearing officer.  Defendants thus

cannot adequately oppose Plaintiff's attempt to amend and the Court cannot adequately weigh the

parties' arguments.  Therefore, I deny Plaintiff's request to amend without prejudice to Plaintiff

---

[6]      *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,
834, n. 46 (1975) ("The right of self-representation is not a license . . .  not to comply with
relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995)
("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally
are required to inform themselves regarding procedural rules and to comply with them.")
(citations omitted).

filing a renewed motion to amend that complies with this Court's local rules.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant Lape's motion for judgment on the pleadings (Dkt. No. 12) be **GRANTED**.  It is recommended that the Court dismiss the action as to Defendant Lape without leave to amend; and it is further

**ORDERED** that Plaintiff's request to amend the complaint (Dkt. No. 15) is **DENIED** without prejudice to the filing of a procedurally proper motion; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Woodward v. Mullah*, No. 08-CV-463A, 2009 WL 4730309 (W.D.N.Y. Dec. 7, 2009) in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: January 18, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge