UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. GANTT,

                          Plaintiff,
                                                          9:10-CV-0083
v.                                                            (GTS/GHL)

WILLIAM LAPE, Superintendent, Coxsackie
Correctional Facility; and GARY MIELENZ,
Commissary Clerk IV, Coxsackie Correctional
Facility,
                          Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

MARK W. GANTT, 08-A-3883
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ERIC T. SCHNEIDERMAN                    JUSTIN C. LEVIN, ESQ.
New York State Attorney General                    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

       Currently before the Court in this *pro se* prisoner civil rights action filed by Mark W. Gantt ("Plaintiff") against William Lape and Gary Mielenz ("Defendants") are the following: (1) Defendant Lape's motion for a judgment on the pleadings (Dkt. No. 12); (2) Plaintiff's letter-motion requesting leave to amend his Complaint to add a Defendant (Dkt. No. 15); and (3) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendant Lape's motion be granted, Defendant Lape be dismissed from this action, and

Plaintiff's motion be denied without prejudice (Dkt. No. 25). Plaintiff has not filed an Objection to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant Lape's motion is granted; Defendant Lape is dismissed from this action; and Plaintiff's motion to amend is denied without prejudice.

I.      RELEVANT BACKGROUND

Plaintiff filed his Complaint on January 22, 2010. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that, in September 2009, while he was incarcerated at Coxsackie Correctional Facility, Defendant Mielenz issued him a misbehavior report in retaliation for him filing a grievance regarding commissary purchases for which he was charged, but did not make or receive. (*Id*.) Plaintiff further alleges that he was found guilty at his Tier II disciplinary hearing of making false statements, which resulted in the imposition of a five dollar ($5.00) fine and the loss of commissary privileges for 30 days. (*Id*. at 4-5.) For a more detailed recitation of the factual allegations asserted in Plaintiff's Complaint, the Court refers the reader to that Complaint in its entirety. (*See generally* Dkt. No. 1.)

Construed with the utmost of special leniency, Plaintiff's Complaint attempts to assert the following claims against Defendants based on the above-described factual allegations: (1) a claim of retaliation against Defendant Mielenz, in violation of the First Amendment; and (2) a claim of denial of due process against the hearing officer who presided over his disciplinary hearing, in violation of the Fourteenth Amendment. (*Id*.)

On July 6, 2010, Defendant Lape filed a motion for judgment on the pleadings. (Dkt. No. 12.) In his motion, Defendant Lape argues as follows: (1) Plaintiff has failed to allege facts plausibly suggesting that Defendant Lape was personally involved in the events alleged; (2) he is shielded from liability as a matter of law by the doctrine of qualified immunity; and (3) he is entitled to a protective order barring discovery until this motion is resolved. (Dkt. No. 12.)

2

On July 8, 2010, Plaintiff filed a response in opposition to Defendant Lape's motion. (Dkt. No. 14.) In his response, Plaintiff argues that Defendant Lape should not be dismissed from this action because, as Superintendent of Coxsackie Correctional Facility, he receives Tier II appeals, and he was therefore aware of Defendant Mielenz's actions. (Dkt. No. 14, at 1.) As an attachment to that response, Plaintiff submitted, for the first time, a copy of a disciplinary appeal determination bearing a barely legible signature of the "superintendent or [his] designee." (*Id*. at 4.)

On August 11, 2010, Plaintiff submitted a letter-motion requesting that the Court permit him leave to amend his Complaint to add a Defendant. (Dkt. No. 15.) Specifically, Plaintiff sought to add as a Defendant Lieutenant McDermont, the officer who presided over his Tier II disciplinary hearing. (*Id*.)

On January 18, 2011, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendant Lape's motion be granted, that Plaintiff's claims against Defendant Lape be dismissed, and that Plaintiff's letter-motion to amend his Complaint to add a Defendant be denied without prejudice. (Dkt. No. 25.) In support of his recommendation, Magistrate Judge Lowe found as follows, *inter alia*: (1) Plaintiff failed to allege any facts about Defendant Lape in his Compliant (let alone facts plausibly suggesting a claim upon which relief can be granted against him); (2) the disciplinary appeal determination, which Plaintiff provides for the first time in his opposition papers, does not clearly show it was signed by Defendant Lape, nor would any such signature even render Defendant Lape personally involved in the constitutional violations alleged; (3) because the problem with Plaintiff's claim against Defendant Lape is substantive, and could not be cured by better pleading, granting Plaintiff leave to amend would be futile; and (4) Plaintiff's failed to file a proposed amended complaint with his

3

letter-motion seeking leave to amend, and therefore his motion is procedurally defective.  (*See generally* Dkt. No. 25.)  Familiarity with the grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]  When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Legal Standard Governing a Motion to Dismiss

Magistrate Judge Lowe correctly recited the legal standard governing a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), as well as the legal standard governing a motion for leave to amend a complaint, pursuant to Fed. R. Civ. P. 15(a). (Dkt. No. 25.) As a result, these standards are incorporated by reference in this Decision and Order.

### III.    ANALYSIS

Plaintiff has not filed an Objection to the Report-Recommendation. As a result, the Court need review the Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

The Court would add only two points. First, Magistrate Judge Lowe's thorough Report-Recommendation would survive even a *de novo* review. Second, Magistrate Judge Lowe's

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

finding of futility (i.e., his finding that it would be futile to afford Plaintiff a further chance to amend his claim against Defendant Lape because better pleading could not cure the referenced defect in that claim) is further supported by the fact that Plaintiff's motion to amend his Complaint–which was filed after he had notice of Defendants' challenge to his claim against Defendant Lape–is conspicuously absent of a request for leave to add any factual allegations regarding Defendant Lape.  (*See generally* Dkt. No. 15.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Lape's motion for judgment on the pleadings (Dkt. No.12) is **GRANTED**; and it is further

**ORDERED** that Defendant Lape is **DISMISSED** from this action; and it is further

**ORDERED** that Plaintiff's letter-motion to amend his Complaint (Dkt. No. 15) is **DENIED** without prejudice.

Dated: February 17, 2011
          Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge