UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. GANTT,
                        Plaintiff,

                                                                9:10-CV-0083
v.                                                                (GTS/TWD)

GARY MIELENZ, Commissary Clerk IV,
Coxsackie Corr. Facility;
                        Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

MARK W. GANTT, 08-A-3883
  Plaintiff, *Pro Se*
Collins Correctional Facility
Box 340
Collins, New York 14034

HON. ERIC T. SCHNEIDERMAN                LAURA A. SPRAGUE, ESQ.
Attorney General for the State of New York      Assistant U.S. Attorney
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Mark W. Gantt ("Plaintiff") against the above-captioned correctional employee ("Defendant"), are the following: (1) Plaintiff's motion for a temporary restraining order (Dkt. No. 44); (2) Defendant's motion for summary judgment (Dkt. No. 31); and (3) United States Magistrate Judge Therese Wiley Dancks' Report-Recommendation recommending that Plaintiff's motion be denied and Defendant's motion be granted (Dkt. No. 49). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Plaintiff's motion is denied, and Defendant's motion is granted.

**I.     RELEVANT BACKGROUND**

On January 22, 2010, Plaintiff filed his Complaint in this action. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that in September 2009, while he was incarcerated at Coxsackie Correctional Facility ("Coxsackie"), Defendant filed a misbehavior report against him (charging him with making a false statement) in retaliation for Plaintiff's having filed a grievance against Defendant for charging him $10.49 for a commissary purchase that he never made. (*Id.*) Plaintiff further alleges that he was found guilty of the disciplinary charge at a disciplinary hearing, which resulted in the imposition of a $5.00 fine and the loss of commissary privileges for 30 days. (*Id.*) Based on these factual allegations, Plaintiff asserts the following two claims: (1) a First Amendment retaliation claim against Defendant Mielenz for the grievance filing; and (2) a Fourteenth Amendment due process claim against the (unnamed) hearing officer who presided over the disciplinary hearing. (*Id.*)[1] For a more detailed recitation of Plaintiff's claims and the factual allegations supporting those claims, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Dancks' Report-Recommendation. (Dkt. Nos. 1, 49.)

On September 19, 2011, Defendant filed a motion for summary judgment. (Dkt. No. 31.) Generally, in his motion, Defendant asserts the following three arguments: (1) based on the current record, Plaintiff has failed to exhaust his available administrative remedies as a matter of law; (2) in the alternative, Plaintiff has failed to allege facts plausibly suggesting either a

---

[1]     On August 11, 2010, more than 21 days after being served with a motion for judgment on the pleadings, Plaintiff filed a one-page letter requesting leave to amend his complaint to add the hearing officer as a Defendant. (Dkt. No. 15.) Defendants opposed that request. (Dkt. No. 16.) On January 18, 2011, United States Magistrate Judge George H. Lowe denied Plaintiff's request without prejudice to renewal upon the filing of a procedurally proper motion. (Dkt. No. 25.) However, Plaintiff did not subsequently move to amend his complaint. (*See generally* Docket Sheet.)

retaliation claim or a due process claim, and has failed to adduce admissible record evidence establishing a retaliation claim; and (3) based on the current record, Defendant is protected from liability as a matter of law by the doctrine of qualified immunity.  (Dkt. No. 31, at Parts I-III.) Plaintiff opposes the motion through both a response and an untimely "supplemental response" (which was accepted apparently out of special solicitude to Plaintiff as a *pro se* civil rights litigant). (Dkt. Nos. 33, 40.)

On April 12, 2012, Plaintiff filed a motion for a temporary restraining order. (Dkt. No. 44.) Generally, Plaintiff's motion seeks the following relief: (1) an Order of this Court transferring him to a different correctional facility or (22) an Order of the Court restraining Coxsackie correctional staff from future retaliatory acts. (*Id*.) Defendant opposes the motion. (Dkt. No. 45.)

On July 31, 2012, Magistrate Judge Dancks issued a Report-Recommendation recommending that Plaintiff's motion for a temporary restraining order be denied and that Defendant's motion for summary judgment be granted. (Dkt. No. 49.) More specifically, with respect to Plaintiff's motion, Magistrate Judge Dancks found that Plaintiff failed to demonstrate that the alleged ongoing retaliatory acts by correctional officers at Coxsackie Correctional Facility are in any way related to the retaliation claim asserted against Defendant Mielenz asserted in his Complaint. (*Id*. at Part II.B.) With respect to Defendant's motion, Magistrate Judge Dancks found that, while a triable issue of fact (barely) exists with regard to whether Plaintiff failed to exhaust his administrative remedies, Defendant's motion should nonetheless be granted for the following two reasons: (1) because the receipt of a misbehavior report resulting in a five-dollar fine and a 30-day loss of commissary privileges is considered only de minimus punishment, Plaintiff failed to alleged facts plausibly suggesting sufficient adverse action to state

a retaliation claim; and (2) because inmates are granted post-deprivation remedies for the loss of property under New York State law, Plaintiff's due process claim also fails. (*Id.* at Part III.)

Neither party has filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]     *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard of Review Governing Motions for Summary Judgment and Motions to Dismiss

Magistrate Judge Dancks accurately recites the legal standard governing motions for summary judgment and motions to dismiss. (Dkt. No. 49, at Part III.A.) As a result, these standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

The Court would add only the following point of law. Implied in the above-stated burden-shifting standard described in Part III.A.1. of the Report-Recommendation is the fact that, where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[7] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[8] As has often been recognized by both the Supreme Court and Second Circuit, even

---

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[7] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[8] *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

6

*pro se* litigants must obey a district court's procedural rules.[9]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement[10]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[11]  However, even when this Court has declined to exercise its discretion to conduct a *sua sponte* review of the record in search for a dispute of material fact, the Court will not turn a blind eye to such a dispute, should it discover one during the review it conducts of the record to determine if the movant has met his modest threshold burden.[12]

### III. ANALYSIS

Because Plaintiff did not submit an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described in Section II.A of this Decision and Order.  After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation.  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 34)  As a result, Magistrate Judge Dancks' Report-Recommendation recommending dismissal of Plaintiff's complaint is accepted and adopted in its entirety for the reasons stated therein.  (*Id.*)

The Court would add only the following five brief points.  First, Magistrate Judge Dancks' thorough and correct Report-Recommendation would survive even a *de novo* review.

---

[9]    *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

[10]   Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[11]   *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

[12]   *See, e.g., Goodson v. Artus*, 09-CV-0494, 2012 WL 1037444, at *5 (N.D.N.Y. March 27, 2012) (Suddaby, J.).

Second, Plaintiff has (despite having been given due notice and two opportunities to do so) neglected to submit a response to Defendant's Local Rule 7.1 Statement. For the reasons, the Court deems admitted each of the factual assertions contained in Defendant's Local Rule 7.1 Statement, which the Court finds to be supported by accurate record citations, with one exception. *See, supra,* Part II.B. of this Decision and Order. That one exception is the factual assertion contained in Paragraph 29, which the Court finds to be contradicted by his deposition testimony stating that Defendant came to his cell holding the original version of Plaintiff's grievance (which the Court came across during the review it conducts of the record to determine if Defendant has met his modest threshold burden on his motion).

Third, as to Magistrate Judge Danck's (correct) finding regarding Defendant's exhaustion argument, there is, of course, a difference between the grievance Plaintiff attempted to file regarding the underlying overcharge on his commissary account, and a grievance regarding the subsequent retaliation and due process violation he is allegedly experienced due to Defendant's misbehavior report (and Plaintiff's disciplinary hearing). However, the Court agrees that Plaintiff's deposition testimony (stating that Defendant came to his cell holding the original version of the former grievance and screaming at Plaintiff) constitutes at least some admissible record evidence from which a rational fact finder could conclude that it would have been futile to even attempt to file the latter grievance (or to appeal from the non-filing of the first grievance).

Fourth, as to Magistrate Judge Danck's (correct) finding regarding Defendant's retaliation claim, that claim is dismissed on the alternative ground that Plaintiff has failed to adduce admissible evidence establishing the adverse action element of such a claim. The Court notes that, while the second argument asserted in Defendant's motion for summary judgment is labeled "Plaintiff Has Failed to State a Claim," that argument is premised not only on Fed. R. Civ. P. 12(b)(6) but also on Fed. R. Civ. P. 56 as it relates to Plaintiff's retaliation claim, due to

its reliance on citations to record evidence rather than the four corners of Plaintiff's Complaint. (Dkt. No. 31, Attach. 3, at 10-14 [attaching pages "8" through "12" of Def.'s Memo. of Law].)

Fifth, and finally, as to Magistrate Judge Danck's (correct) finding regarding Plaintiff's due process claim, that claim is dismissed on the alternative ground that Plaintiff has failed to adduce admissible evidence establishing, or even allege facts plausibly suggesting, that Defendant was personally involved in any such due process violation, which allegedly occurred because of the conduct of the disciplinary hearing officer. (*See generally* Dkt. No. 1, at ¶ 6.) The Court would reach no different conclusion even if Defendant somehow controlled the independent hearing officer's use of the misbehavior report: just as an inmate possesses no due process right to be free from being issued a false misbehavior report, an inmate possesses no due process right to be free from having that false misbehavior report relied on by a hearing officer at a disciplinary hearing.[13]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 49) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for a temporary restraining order (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 31) is **GRANTED**; and it is further

---

[13] *See Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that an inmate who was found guilty by a prison disciplinary committee based on a false report did not have an actionable due process claim because the inmate was granted a hearing and the opportunity to rebut the false charges against him); *accord, Richardson v. Ray*, No. 12-CV-6399, 2012 WL 3105224, at *1 (4th Cir. Aug. 1, 2012); *see also Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997); *Velez v. Burge*, No. 11-CV-2897, 2012 WL 1889402, at *1 (2d Cir. May 25, 2012).

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>.**

The Clerk's Office is directed to enter judgment and close this action.

Dated:   September 12, 2012
        Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge